986 F.2d 1416
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Dwight Eugene HOLLAND, Defendant-Appellant.
 No. 92-5282.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 1, 1993
Decided: February 17, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. William L. Osteen, Sr., District Judge. (CR-91-246-WS)
 David R. Tanis, Winston-Salem, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Dwight Eugene Holland was convicted by a jury for participating in a conspiracy to distribute "crack" cocaine, for which he is serving a term of ten years imprisonment. He appealed, and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Finding no error, we affirm.
 
 
 2
 The only argument submitted by counsel suggests that the district court may have erred in failing to compel police officers who interviewed Holland to produce rough notes of the interview. These notes were used to prepare a report of the interview, which in turn, was used to refresh the officers' recollections. This Court has held that the Jencks Act does not require such preliminary notes to be produced. 18 U.S.C. § 3500 (1988); United States v. Hinton, 719 F.2d 711, 722 (4th Cir. 1983), cert. denied, 465 U.S. 1032 (1984). Moreover, the government represented to the court that it would let defense counsel see the notes "to avoid having an appellate issue." There is nothing in the record to show that the government did not perform as promised, and no objection was offered to the government's alleged failure to perform. Thus, this argument lacks merit.
 
 
 3
 Holland's attorney raised no other issues, and Holland did not file a supplemental brief, though the Court informed him of his right to do so. In accordance with Anders, we have examined the entire record in this case and find no other meritorious issues for appeal.
 
 
 4
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C.A. § 3006A (West Supp. 1992), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by Holland to do so, counsel should prepare a timely petition for a writ of certiorari. We deny counsel's motion to withdraw. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED